Filed 5/16/24  P. v. Roberts CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RICKEY ROBERTS,<br><br>        Defendant and Appellant. | A167960<br><br>(San Francisco City & County<br> Super. Ct. No. SCN227657) |

### MEMORANDUM OPINION[1]

Defendant Rickey Roberts appeals a November 2022 trial court order denying his petition for resentencing under Penal Code section 1172.6.[2]  We affirm.

In 2018, a jury convicted Roberts of second degree murder (§ 187) and making criminal threats (§ 422, subd. (a)), and he was sentenced to prison for

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1, reciting only those facts necessary to resolve the issue raised.

[2] Undesignated statutory references are to the Penal Code.  Roberts filed his resentencing petition under former section 1170.95, which was amended and renumbered as section 1172.6 without substantive change effective June 30, 2022.  (*People v. Vargas* (2022) 84 Cal.App.5th 943, 947, fn. 2.)  We refer to the statute by its current number.

18 years to life.  A panel of this court affirmed his convictions.  (*People v. Roberts* (Jan. 29, 2020, A155212) [nonpub. opn.].)

In 2022, Roberts filed a petition for resentencing pursuant to section 1172.6.  The trial court appointed counsel for Roberts and set an evidentiary hearing, and the People filed an opposition to Roberts's petition.  Before the hearing, the court directed the prison at which Roberts was incarcerated to have Roberts attend the hearing remotely via videoconference or telephone, providing a videoconference link and defense counsel's cell phone number.

At the November 2022 hearing, Roberts attended via telephone.  The prison had attempted to join the hearing via videoconference but was unable to log on due to technical issues.  At the beginning of the hearing, Roberts's counsel stated, "Can I briefly say to Mr. Roberts, if at any time you can't hear anything Mr. Roberts, speak up and we will repeat it."  Roberts replied, "Okay."  The trial court explained it had read the briefing and reviewed the record, including the preliminary hearing transcript and jury instructions.  The prosecutor and defense counsel submitted on the papers and did not provide additional argument.  At the conclusion of the hearing, the court determined Roberts was ineligible for relief and denied his resentencing petition.  The hearing was very brief, comprising only three transcript pages.

Roberts's sole contention on appeal is that his constitutional right to be present at the evidentiary hearing was violated because he was unable to hear the proceedings.  He asserts that after the hearing began, the telephone connection was lost and he was unable to participate.  Roberts's only factual support for this claim is two declarations—from himself and his counsel who appeared at the hearing—of which he requests judicial notice.  Both declarations were signed in May 2023, six months after the evidentiary hearing.  The People oppose the request for judicial notice, arguing the

2

declarations were not before the trial court, are not part of the record on appeal, and may not be considered.  Roberts has conceded that we may not consider the declarations.[3]  Therefore, his request for judicial notice is denied. (See Evid. Code, §§ 452, 459; *In re Zeth S.* (2003) 31 Cal.4th 396, 405 [an appeal reviews the correctness of a judgment as of the time of its rendition upon the record before the trial court]; *Glassman v. Safeco Ins. Co. of America* (2023) 90 Cal.App.5th 1281, 1307 ["Documents not presented in the trial proceeding generally cannot be included as part of the record on appeal and must be disregarded on appeal as beyond the scope of review"].)

The record demonstrates there was no error which violated Roberts's constitutional right to be present at the evidentiary hearing.  (See *People v. Quan* (2023) 96 Cal.App.5th 524, 532–534 [a defendant has constitutional rights to be present at an evidentiary hearing held pursuant to section 1172.6]; *People v. Basler* (2022) 80 Cal.App.5th 46, 59.)  Roberts attended remotely via telephone.  At the beginning of the hearing, his counsel explained that Roberts could not appear via videoconference due to technical issues at the prison, so the prison called in via telephone.  Roberts's counsel instructed him to "speak up" if he could not hear and they would "repeat it," to which Roberts replied, "Okay."  Roberts did not speak again during the remainder of the brief proceeding, and there is no showing in the transcript that the prison called back during the hearing.  This record does not support Roberts's claim that he was unable to hear or participate in the hearing.

---

[3] After the respondent's brief and opposition to the request for judicial notice were filed, Roberts's counsel filed a letter stating, in relevant part, "The respondent's brief in this case maintains that this appeal lacks adequate foundation, because the post-judgment declarations on which the appeal turns are not properly before this court on appeal.  Upon review of the authorities cited by respondent, I am persuaded that contention is correct."

3

Because there was no error, we need not, and do not, determine whether any claimed error was prejudicial.  (See *People v. Quan, supra*, 96 Cal.App.5th at p. 536.)[4]

## DISPOSITION

The order denying Roberts's petition for resentencing is affirmed. Roberts's request for judicial notice is denied.

---

[4] As the People contend, Roberts's remedy may be to file a petition for writ of habeas corpus in the trial court and offer the extra-record evidence. (See *In re Reno* (2012) 55 Cal.4th 428, 449–450 [writ of habeas corpus allows a person "to bring before a court evidence from outside the trial or appellate record"].)

LANGHORNE WILSON, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A167960N